UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ESTATE OF JAYTHAN KENDRICK,

                                                Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY HOUSING AUTHORITY, LORI ANN FEE, JOHN ORLANDO, BRIAN DUBECKY, THOMAS DEUTSCH, RICHARD DEFILIPPIS, JAMES MAGUIRE, and JOHN REYNOLDS, in their individual and official capacities,

                                                Defendants.
------------------------------------------------------------------------X

**STIPULATION OF SETTLEMENT**

23 CV 358 (NGG) (TAM)

        **WHEREAS,** plaintiff, ESTATE OF JAYTHAN KENDRICK, via the Co-Executors of his ESTATE, Clarence Hughes and Regions Bank of Atlanta, Georgia, commenced this action by filing a complaint on or about January 19, 2023, alleging that the defendants violated the federal civil and state common law rights of decedent Jaythan Kendrick;

        **WHEREAS,** defendants City of New York, Lori Ann Fee, John Orlando, Brian Dubecky, Thomas Deutsch, Richard DeFilippis, John Reynolds and James Maguire have denied any and all liability arising out of plaintiff's allegations;

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation solely with respect to the claims brought against defendants City of New York, Lori Ann Fee, John Orlando, Brian Dubecky, Thomas Deutsch, Richard DeFilippis, John Reynolds and James Maguire, but not defendant New York City Housing Authority, without further proceedings and without admitting any fault or liability;

**WHEREAS,** Clarence Hughes and Regions Bank of Atlanta, Georgia, are the duly appointed co-executors of the ESTATE OF JAYTHAN KENDRICK;

**WHEREAS,** plaintiff has authorized its counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants City of New York, Lori Ann Fee, John Orlando, Brian Dubecky, Thomas Deutsch, Richard DeFilippis, John Reynolds and James Maguire, but not defendant New York City Housing Authority, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff, ESTATE OF JAYTHAN KENDRICK, the total sum of Fifteen Million Dollars ($15,000,000.00) in full satisfaction of all claims brought against defendants City of New York, Lori Ann Fee, John Orlando, Brian Dubecky, Thomas Deutsch, Richard DeFilippis, John Reynolds and James Maguire, but not defendant New York City Housing Authority, including claims for costs, expenses and attorneys' fees. Payment shall be made by check payable to the order of LAW OFFICES OF JOEL B. RUDIN, P.C., AS ATTORNEY AND ESCROWEE FOR THE ESTATE OF JAYTHAN KENDRICK, in the sum of Fifteen Million Dollars ($15,000,000.00), and mailed to Joel B. Rudin, Esq., 152 W. 57th St., 8th Floor, New York, NY 10019. In consideration for the payment of this sum, plaintiff, ESTATE OF JAYTHAN KENDRICK, agrees to dismissal of all the claims against defendants City of New York, Lori Ann Fee, John Orlando, Brian Dubecky, Thomas Deutsch, Richard DeFilippis, John Reynolds and James Maguire, but not defendant New

York City Housing Authority, and to release defendants City of New York, Lori Ann Fee, John Orlando, Brian Dubecky, Thomas Deutsch, Richard DeFilippis, John Reynolds and James Maguire, but not defendant New York City Housing Authority; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and serve on the City of New York's attorney by legal tender (either by personal service or certified mail) at 100 Church Street, New York, New York 10007 all documents necessary to effect this settlement, including, without limitation, a General Release, based on the terms of paragraph "2" above, IRS Form W-9, and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible

in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5.   Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6.   Plaintiff agrees to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter. If Medicare claims are not satisfied, defendants reserve the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

7.   This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
        September 6, 2024

| | |
|---|---|
| LAW OFFICES OF JOEL B. RUDIN, P.C.<br>*Attorney for Plaintiff*<br>152 West 57 Street, Eighth Floor<br>New York, New York 10019 | MURIEL GOODE-TRUFANT<br>Acting Corporation Counsel of the City of New York<br>*Attorney for Defendants City of New York, Lori Ann Fee, John Orlando, Brian Dubecky, Thomas Deutsch, Richard DeFilippis, John Reynolds and James Maguire*<br>100 Church Street, 3rd Floor<br>New York, New York 10007 |
| By: /s/ Joel B. Rudin<br>Joel B. Rudin, Esq.<br>*Attorney for Plaintiff* | By: /s/<br>Brian Francolla<br>*Senior Counsel* |