LAW OFFICES OF JOEL B. RUDIN, P.C.

CARNEGIE HALL TOWER
152 WEST 57TH STREET
EIGHTH FLOOR
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@rudinlaw.com

JOEL B. RUDIN

JACOB "COBY" LOUP
DAVID E. RUDIN
PARTHA SHARMA

DAVID S. KEENAN
(OF COUNSEL)
AMARIAH THURSTON
(PARALEGAL)

February 28, 2025

**Via ECF**

Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Estate of Jaythan Kendrick v. New York City Housing Authority*
Case No. 23-cv-358 (NGG) (TAM)

Dear Judge Garaufis:

My firm represents the plaintiff in this § 1983 matter alleging that officers in the now-defunct police department of Defendant New York City Housing Authority ("NYCHA") caused the late Jaythan Kendrick's wrongful prosecution, conviction, and imprisonment of more than 25 years before his exoneration. I write to respectfully request that the Court permit Plaintiff to move for leave to amend its present complaint before the parties brief Defendant's Rule 12(c) motion.

The present complaint names NYCHA, the City of New York, and multiple police officers as defendants. *See* Amended Complaint, Doc. 21. However, in September 2024, Plaintiff settled and dismissed his claims against all parties except NYCHA. The remaining claims allege that NYCHA is liable (1) under *respondeat superior* for state-law malicious prosecution by NYCHA officers, *id.* at 37; (2) under *Monell* for causing multiple federal constitutional violations committed by the NYCHA officers, *id.* at 44-67; and (3) under state law on a similar theory of negligent hiring, training, and supervision, *id.* at 89-90.

On December 13, 2024, NYCHA requested a pre-motion conference in anticipation of moving to dismiss the *Monell* claim under Fed. R. Civ. P. 12(c). *See* Doc. 46. As detailed in our responsive letter, that request was preceded by more than six weeks of NYCHA showing little effort to comply with its discovery obligations. *See* Doc. 47. The Court held the requested pre-motion conference on January 15, 2025. *See* Dkt. Entry, Jan. 15, 2025.

At that conference, I indicated that we would seek to amend the present complaint to add allegations in support of diversity jurisdiction. The Court indicated that if NYCHA did not consent to such an amendment, we would be permitted to make a motion to amend. Counsel for

NYCHA said that he would have to consult with his client to determine whether NYCHA would consent and that he would let us know within a week. However, we did not hear anything within a week. On February 4, we wrote to counsel asking them to let us know whether NYCHA consented. On February 6, counsel proposed that if we would agree to bifurcate our *Monell* claim from our state-law malicious prosecution claim, NYCHA would drop its motion to dismiss and consent to us amending the complaint to allege diversity jurisdiction. We considered this proposal and declined.

As we then prepared an amended complaint that added allegations in support of diversity jurisdiction, we recognized that, if the complaint were going to be amended now, it would make sense to make two additional categories of changes, which are reflected in the appended redlined and clean versions of Plaintiff's proposed Second Amended Complaint.

First, the present complaint names numerous defendants who have been dismissed from the case and contains extensive allegations that pertained only to those dismissed defendants. If the complaint is going to be amended now, that extraneous material should be removed to streamline this case. This is in the interest of both parties. If the proposed amendments look somewhat voluminous, it is only because there are so many edits and deletions that remove this now-extraneous material. The vast majority of the proposed changes fall into this category. These changes do not prejudice NYCHA at all.

Second, we seek to add a handful of allegations to the *Monell* claim in anticipation of NYCHA seeking to dismiss that claim. These changes (a) clarify the constitutional violations that underlie the *Monell* claim, *see* ¶ 210; (b) state more directly that, due the close collaborative relationship between NYPD and NYCHA officers, known misconduct by NYPD officers put NYCHA policymakers on notice of the need to adequately supervise and discipline NYCHA officers, *see* ¶¶ 212, 224, 256, 285, 352; and (c) add several paragraphs citing additional material from the tell-all book of the notorious NYCHA officer Michael Codella, a book that already is quoted in the present complaint, *see* ¶¶ 226-240. These changes are relatively limited and are exactly the kinds of changes a plaintiff would typically be entitled to make as a matter of course in response to a Rule 12(b)(6) motion, *see* Fed. R. Civ. P. 15(a)(1)(B)—which is essentially what Defendant's imminent motion to dismiss is, just brought at a later stage of the litigation.

After we prepared the appended proposed Second Amended Complaint, on February 18, we provided redlined and clean versions to NYCHA to seek its consent to the amendments. NYCHA requested to have until yesterday, February 27, to consider whether to consent. Yesterday, counsel informed us that NYCHA would not consent.

Therefore, we respectfully request that the Court now set a briefing schedule for Plaintiff to move for leave to file the proposed Second Amended Complaint. In light of the substantive amendments we seek to make, we respectfully propose that the Court postpone the briefing of Defendant's Rule 12(c) motion until the motion for leave to amend is decided. Allowing Plaintiff to seek to make these amendments now, before Defendant files its motion to dismiss, will allow

the Court to have a complete record before it when considering Defendant's motion and is the most efficient and just course.

In the alternative, if the Court is disinclined to set such a briefing schedule, we will file our motion to amend the complaint to add only the allegations related to diversity jurisdiction, as the Court previously granted us permission to do.

We thank the Court for its consideration.

Respectfully submitted,

/s/

Joel B. Rudin

cc: Edward A. Flores (via ECF)
*Attorney for Defendant New York City Housing Authority*