UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ESTATE OF JAYTHAN KENDRICK,  :  No. 23-cv-358 (NGG) (TAM)
                                             :  **Date of Service:  June 27, 2025**
                             Plaintiff,  :
              - against –  :  **DEFENDANT'S FURTHER**
                                             :  **MEMORANDUM**
THE NEW YORK CITY HOUSING  :  **OF LAW IN OPPOSITION**
AUTHORITY  :  **TO PLAINTIFF'S MOTION**
                          Defendant.  :  **TO AMEND COMPLAINT**
------------------------------------------------------------

      At oral argument on the plaintiff's motion to amend the complaint, plaintiff's counsel cited to two cases not raised in their opposition papers, Garman v. Griffin, 666 F.2d 1156 (8th Cir. 1981) and Svege v. Mercedes-Menz Credit Corp., 329 F. Supp. 2d 285 (D. Conn. 2004).  As a result, the Court gave the defense an opportunity to respond to those cases, which it does here. In doing so, the defense must, and does, confine its discussion only to the amendments sought by the plaintiff that remove allegations in the current version of the complaint, and only discusses objections based on the concern that the amendment might cause those admissions to be un-admitted.[1]

      Both of the plaintiff's cases discuss the admissibility of admissions in the pleadings as evidence at trial.  They both say that the general rule is that such admissions are admissible, but there are exceptions, which plaintiff apparently thinks apply in this case.  While we will address this substantive issue very briefly below, the admissibility of the admissions in the complaint is not the issue currently before the Court, and we agree with the Court's suggestion at oral argument that addressing admissibility at this time is getting ahead of ourselves.  Rather, the concern of the defense is that, to the extent any of the allegations sought to be removed from the current complaint *are admissible*, it does not wish to be prejudiced by a later argument that they

---

[1] The defense obviously maintains it objections to the other amendments sought by the plaintiff, including but not limited to adding allegations and modifying existing allegations.

have *been rendered inadmissible by virtue of this amendment*. Plaintiff's cases (along with many others) actually suggest, much to the defense's satisfaction, that admissions in a prior pleading are just as admissible as admissions in a current pleading; if plaintiff is adopting that position (which it is not clear that they are), this specific issue is rendered largely moot. The concern of the defense is that plaintiff may, based on other cases (at least one of which is cited in its initial opposition papers), try to craft an argument that the removal of an admission from a complaint may, by itself, render an otherwise admissible admission, inadmissible and no longer an admission.[2]

In short, the defense objects to any admissible admissions in the current complaint being rendered inadmissible by virtue of their removal from the complaint. Such admissible admissions being rendered inadmissible would inflict the kind of prejudice on the defendant that should defeat a motion to amend the pleadings. The admissibility or inadmissibility of the specific admissions in this complaint, especially since there are so many that are sought to be removed and there is a possibility that some may arguably be admissible while others may not be, is not ripe and has not been fully briefed. The defense therefore objects to this branch of plaintiff's motion, so that the pleadings can be preserved and issues of admissibility can be addressed later.

As indicated above, both of plaintiff's cases deal with the admissibility of the allegations in a complaint, and discuss when such an admission is admissible and when it is not. Both of these cases agree with the defense's earlier papers that the general rule is that such an allegation

---

[2] There are obviously cases, such as plaintiff's two cited cases, which state the opposite and say that admissions in a prior pleading are just as admissible as admissions in a current pleading. While the defense may take that position, absent a ruling by the court or a representation by plaintiff, we are forced to raise this objection to protect our rights. We cannot be placed in a position later where plaintiff can argue that we consented to these admissions being removed and therefore even if they would have been admissible, they are no longer by virtue of our consent to remove them.

is admissible. "As a general rule, of course, a party's pleadings are admissible as admissions, either judicial or evidentiary, as to the facts alleged in that pleading." Svege, supra.[3]  However, they both go on to discuss exceptions, most prominently it seems focusing on the plaintiff's right not to be prejudiced by taking advantage of its ability to plead inconsistent theories of liability against one or more defendants.  Parties, the Court reasons, should not be prejudiced from arguing in the alternative, which they have a right to do.

In this case, however, the admissions sought to be removed are not arguments in the alternative.  Rather, they are allegations of fact which describe another party's alleged role in what plaintiff claims resulted in severe wrongdoing.  For example, the allegations the plaintiff makes as to the DA office's involvement in supervising what they allege is an improper lineup[4] are not arguments in the alternative, but could possibly support an argument by the defense that the HAPD was not the proximate cause of any impropriety in the lineup.  Similarly, the allegations the plaintiff makes about impropriety by the DA in not exchanging Brady material about a witness could support an argument that any alleged impropriety in the interview of the witness was not a proximate cause of the plaintiff's injury, as opposed to the DA's alleged failure to disclose relevant facts.[5]  The changes sought to be made in the proposed amended complaint *are* inconsistent with the current version of the complaint in various places where it seeks to shift the plaintiff's allegations regarding responsibility and causation of this incident, an issue addressed in, for example, Dugan v. EMS Helicopters, Inc., 915 F.2ds 1428 (10th Cir., 1990),

---

[3] "As a general rule the pleading of a party made in another action, as well as pleadings in the same action which have been superseded by amendment, withdrawn or dismissed, are admissible as admissions of the pleadings party to the facts alleged herein, assuming of course that the usual tests of relevancy are met.

[4] Of course, the defense maintains that the lineup was not improper, but that disagreement is not the subject of this motion.

[5] While plaintiff can and may argue that there is more than one proximate cause or that NYCHA's behavior is the sole proximate cause, the defense should not now have to go out and create an evidentiary record so it can seek to prove the facts already admitted by plaintiff.

which admitted inconsistent allegations in two different pleadings regarding which parties were responsible for the alleged harm, and distinguishing Garman, supra.

It is challenging to speak in the abstract about the changes plaintiff seeks to make, but it is, as discussed above, not the proper forum to delve into individual allegations across tens of pages of sought after subtractions from the current complaint and to dissect their effects on the case and their admissibility at trial. The case law about the admissibility of admissions in a pleading, especially as applied to potentially numerous specific allegations in this complaint, would require a much longer discussion. It is perhaps worthy of observation that neither party has yet cited to binding Second Circuit authority on this issue. That discussion, if and when it occurs in the proper context, will likely be interesting. However, at this point, the defense just wishes to ensure it is not prejudiced when it attempts to raise that issue by virtue of this amendment.

Respectfully submitted,

*Edward A. Flores*
KREZ & FLORES, LLP
Edward A. Flores
225 Broadway, Suite 2800
New York, NY  10007
(212) 266-0400
eflores@krezflores.com