# KREZ & FLORES, LLP

COUNSELLORS AT LAW
225 BROADWAY, SUITE 2800
NEW YORK, NEW YORK 10007-3018
Phone (212) 266-0400
Fax (212) 724-0011
E-mail: Mail@KrezFlores.com

**Gregory Wilson**
**Karla R. Alston**
**Larisa Girsh**
**Jonathan D. Goldsmith †**
**Mark A. Taustine**

**Matthew E. Schaefer**
**Frank A. Melendez**
**Joel S. Ray**

*Of Counsel*
**Paul Krez**
**Edward A. Flores**
**Susan M. Datlof**

**Richard Montalvo**
**Christopher D. Acosta**
**Fiona McFarland**
**Francesca Fonzetti**
**Ahmed Toure**
**Marlon P. Rufino**
**Daren P. Atkinson**
**Kenneth G. Gerard**

*Special Counsel*
**Karen S. Drotzer**
**N. Jeffrey Brown**

†Admitted in NY & NJ

January 17, 2026

**<u>*Via ECF*</u>**
Hon. Nicholas G. Garaufis, U.S.D.J.
Eastern District of New York
United States Courthouse, Room 1426 S
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    ***Estate of Jaythan Kendrick v. New York City Housing Authority***
              <u>Docket No.   : 23-CV-0358 (NGG)(TAM)</u>
              <u>K&F No.:     : 2021-14332</u>

Dear Hon. Judge Garaufis:

      We represent Defendant, New York City Housing Authority ("Defendant" or "NYCHA"), in this matter. This letter is in furtherance of our intention to go forward with our previously requested motion for judgment on the pleadings [Doc 46] to set the briefing schedule. On January 2, 2026, we submitted our letter with our intention to go forward with our motion with a proposed briefing scheduling [Doc 78] as directed by the court. On January 9, 2026, the court issued an order directing us to confer with Plaintiff's counsel in accordance with the Part Rules, Rule Section II(E)(4). Since then, we have met and conferred about a briefing scheduling.

      As the court may recall, Defendant originally requested making such motion on December 13, 2024 [Doc 46]. Thereafter, a pre-motion conference was held on January 15, 2025, at which time, the court granted Defendant's request and set the following briefing schedule: Defendant's opening motion due March 7, 2025; Plaintiff's opposition due April 4, 2025; and Defendant's reply, if any, due April 18, 2025. Also at that pre-motion conference, Plaintiff indicated that it would proceed with serving an amended complaint and on February 28, 2025, Plaintiff served its request for leave to serve an amended complaint. The court on the same day issued an order adjourning all deadlines regarding Defendant's motion to dismiss without dates and stated that the court would schedule an updated briefing schedule for Defendant's anticipated motion "when ruling on Plaintiff's motion for leave to file a Second Amended Complaint."

On April 18, 2025, the court granted Plaintiff leave to file its motion to amend which was fully briefed and argued. The court issued its decision and order to amend on December 12, 2025 [Doc 74]. In granting Plaintiff its motion to amend, the court directed Defendant to advise the court of its intention to proceed with its previously requested motion for judgment on the pleadings within twenty-one days. Defendant did in fact advise the court of its intention to go forward with said motion and requested the following proposed briefing schedule for Defendant's motion, which request Defendant renews with this letter: February 20, 2026, Plaintiff's opposition due March 20, 2026, and Defendant's reply due April 7, 2026 (the reason for April 7, 2026, is because April 1st to the 3rd is the beginning of Passover) [Doc 78].

We have met and conferred with Plaintiff's counsel regarding our briefing schedule. Plaintiff's position is that, with a fact discovery deadline of January 30, 2026, it would be wasteful of the Court's and counsel's time to go forward now with the briefing on a motion for judgment on the pleadings as opposed to consolidating any motion attacking the sufficiency of the Second Amended Complaint with the Defendant's anticipated motion for summary judgment. As a compromise, Defendant offered to make both motions at the same time if Plaintiff agreed to complete all discovery on January 30, 2026 (meaning neither party would have experts and so no expert discovery would be required after the close of fact discovery). Plaintiff declined that offer because it anticipates utilizing experts. However, Plaintiff contends that expert discovery, as provided for in the present scheduling order, would likely extend discovery only by several months. In Plaintiff's view, such an extension of the overall discovery deadline to accommodate expert discovery does not justify two separate sets of complex pretrial motions addressing many of the same legal standards and issues. However, if Defendant is permitted to go forward with its motion for judgment on the pleadings alone, then the proposed briefing schedule would be acceptable to Plaintiff.

Defendant has waited almost a year to make this motion due to Plaintiff's desire to serve a Second Amendment Complaint, and would like any necessary further delay to be of a short and defined time period. While a short and defined period of waiting would likely be acceptable to Defendant to avoid the parties having to brief and the court having to decide two separate motions (even where it feels that the issues that will be raised in the two motions have some significant differences, including the much larger breadth of issues relevant to a summary judgment motion), Defendant feels that Plaintiff's proposal would for the second time delay the motion on the pleadings for an undefined and undefinable period of time. Plaintiff has already requested two extensions of the time to complete fact discovery and Plaintiff has not provided any assurance that it will not request such an extension. Further, Defendant does not currently have any concrete time period for the expert discovery (much if not all of which would probably be rendered moot if the motion on the pleadings is granted). Defendant, having waited to make this motion for almost a year, does not wish to have to wait another year—or even another six months—before being given an opportunity to seek this desired relief (particularly if the reason for doing so is in order to conduct discovery the need for which would be eliminated if the motion is successful).

This motion will not affect any deadlines for discovery, if anything, this motion, if granted will simplify discovery by eliminating the need for continued discovery on the issues unique to the Monell claim.

Accordingly, Defendant respectfully requests that the proposed schedule for Defendant's motion for judgment on the pleadings be granted by the court.

Respectfully submitted,

**KREZ & FLORES, LLP**

*/s/ Joel Scott Ray/*

Joel Scott Ray, Esq (JSR7750)

Cc:
Law Offices of Joel B. Rudin, P.C., counsel for Plaintiff via e-mail: psharma@rudinlaw.com; jbrudin@rudinlaw.com; and David@rudinlaw.com
Hiles Hoffman PLLC, counsel for Plaintiff via e-mail: jonathan@hileshoffmanlaw.com