# LAW OFFICES OF JOEL B. RUDIN, P.C.

CARNEGIE HALL TOWER
152 WEST 57TH STREET
EIGHTH FLOOR
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@rudinlaw.com

JOEL B. RUDIN

DAVID E. RUDIN
PARTHA SHARMA

JACOB "COBY" LOUP
DAVID S. KEENAN
(OF COUNSEL)
AMARIAH THURSTON
(PARALEGAL)

January 18, 2026

**By ECF**
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Estate of Jaythan Kendrick v. New York City Housing Authority*,
           No. 23-cv-358 (NGG) (TAM)

Dear Judge Garaufis:

    Plaintiff writes to respond to certain inaccuracies in Defendant's letter requesting a briefing schedule for a motion for judgment on the pleadings. *See* Dkt. 79. On January 9, 2026, the Court noted that Defendant had failed to confer with Plaintiff before submitting a proposed briefing schedule and directed the parties to confer and submit a joint letter. The parties subsequently conferred, Defendant sent Plaintiff a draft letter, and Plaintiff added its position to the letter in track changes for Defendant to include. Rather than submit a letter approved by both parties, Defendant then added additional, misleading text, deleted certain text Plaintiff had added, and filed its letter without conferring with Plaintiff regarding the changes. Plaintiff respectfully requests that the Court reject Defendant's proposed briefing schedule due to its failure once again to confer with Plaintiff in good faith or, in the alternative, consider this letter in response.

    In its January 17 letter, Defendant conceded that a "short and defined period of waiting would likely be acceptable to Defendant to avoid the parties having to brief and the court having to decide two separate motions," but then asserted that Plaintiff's proposal of a single briefing schedule for the two dispositive briefs would cause an "undefinable" delay or a delay of six months to a year. Dkt. 79 at 2. Defendant added this misleading paragraph without conferring with Plaintiff. In fact, Plaintiff advised Defendant that we expected expert discovery to take at most several months. The standard schedule for expert discovery is one month for plaintiff's expert reports, one month for defendant's experts' reports if any, and one month for expert depositions. While the expert discovery schedule will be subject to approval by Judge Merkl, expert discovery is likely to be concluded by April or early May, and thus Defendant's summary judgment motion likely will be due in May or June, just one or two months after the motion for judgment on the

pleadings would be submitted under defendant's proposed schedule. There would be no six-month-to-one-year delay.

Defendant also stated: "Plaintiff has not provided any assurance that it will not request [] an extension" of the fact discovery deadline. Dkt. 79 at 2. But Defendant never asked Plaintiff to provide any such assurance. Indeed, last week, *Defendant* asked Plaintiff if it would agree to an extension of the fact discovery deadline until March 13, 2026. Plaintiff informed Defendant it would consent to the brief extension Defendant requested if Defendant would agree to synchronize the two dispositive motion briefing schedules. Defendant declined to do so. Thus, it appears neither side will be asking to extend the present January 30 deadline.

Finally, Defendant added to its letter the assertion that a motion for judgment on the pleadings, if granted, would eliminate the need for continued discovery on Plaintiff's *Monell* claim. But, without notice to Plaintiff, Defendant simply deleted Plaintiff's point that, "by the time any motion to dismiss is decided, *Monell* discovery will have long since concluded (the deadline is January 30)." Far from "simplify[ing] discovery," all that Defendant's proposed briefing schedule would achieve would be the waste of substantial judicial resources and attorney time and expense.

For the foregoing reasons, Plaintiff respectfully requests that the Court direct Defendant to file its motion for judgment on the pleadings on the same date Judge Merkl sets for motions for summary judgment. If the Court is inclined to authorize Defendant to proceed now with its motion for judgment on the pleadings despite Plaintiff's objection, then Defendant's proposed schedule would be acceptable.

Respectfully submitted,

/s/ Joel B. Rudin
Joel B. Rudin

cc: Joel Scott Ray (via ECF)
*Counsel for Defendant NYCHA*