# KREZ & FLORES, LLP

### COUNSELLORS AT LAW
**225 BROADWAY, SUITE 2800**
**NEW YORK, NEW YORK 10007-3018**
Phone (212) 266-0400
Fax (212) 724-0011
E-mail: Mail@KrezFlores.com

| | |
|---|---|
| Gregory Wilson | Richard Montalvo |
| Karla R. Alston | Christopher D. Acosta |
| Larisa Girsh | Fiona McFarland |
| Jonathan D. Goldsmith † | Francesca Fonzetti |
| Mark A. Taustine | Ahmed Toure |
| | Marlon P. Rufino |
| Matthew E. Schaefer | Daren P. Atkinson |
| Frank A. Melendez | Kenneth G. Gerard |
| Joel S. Ray | |
| | *Special Counsel* |
| *Of Counsel* | Karen S. Drotzer |
| Paul Krez | N. Jeffrey Brown |
| Edward A. Flores | |
| Susan M. Datlof | †Admitted in NY & NJ |

April 17, 2026

***Via ECF***

Hon. Taryn A. Merkl, U.S.M.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY 11201

> Re:   ***Estate of Jaythan Kendrick v New York City Housing Authority***
> Docket No.   : 23-cv-358(NGG)(TAM)
> K&F File No  : 2021-14332

Dear Hon. Judge Merkl:

We represent Defendant, New York City Housing Authority ("Defendant" or "NYCHA") in this matter. This letter is to request an extension of time to provide Defendant's expert disclosure that is due on April 17, 2026. The parties conducted a meet and confer conference in a good faith effort to resolve this issue on April 17, 2026. Below are the parties positions.

Plaintiff disclosed three expert witnesses: Ms. Meghan Clement, a DNA expert; Dr. Nancy Franklin, a police line up expert; and Dr. Sanford Drob, a psychological expert. After reviewing the reports related to Ms. Clement and Dr. Franklin Defendant has decided that we will not be exchanging an expert witness in opposition to either. As detailed in a prior joint letter to the court, Doc 83, it is still our position that the DNA and the line up experts are unnecessary and will move for preclusion at the proper time. However, we are still considering an expert to rebut the report of Dr. Drob, the psychologist.

Dr. Drob's report is very dense and detailed covering his review of records of Mr. Kendrick that cover over 26 years and multiple providers. The report appears to be a critique of Mr. Kendrick's treatment but does not seem to offer any concrete opinion on liability or damages. As such, Defendant is seeking an extension of time to provide expert discovery to rebut Dr. Drob's

report after we have had the opportunity to depose Dr. Drob. Defendant asserts that it has good cause for this extension. Dr. Drob's deposition will allow Defendant to better define his opinions as they reflect on liability and/or damages. Defendant can then better determine if any expert is needed to rebut his opinions as to liability or damages. Therefore, an extension of time is requested. To this end, we would like the opportunity to address this issue with the court at the conference scheduled for April 21, 2026.

*Plaintiff's Position*:

On February 2, 2026, Plaintiff Estate of Jaythan Kendrick emailed Defendant it would be using a psychological expert concerning Jaythan Kendrick's mental and emotional damages. On March 18, 2026, pursuant to the expert discovery schedule agreed to by the parties and so-ordered by the Court on February 6, Plaintiff made timely expert disclosure to Defendant, including a forensic psychological report by Dr. Sanford Drob. Defendant had 30 days—the agreed upon timeframe—to disclose its own expert report, if it chose to do so. Instead, at 1 p.m. today – the agreed-to deadline for it to make its own expert disclosures, Defendant called Plaintiff to ask for an indefinite extension until after it has taken its still unscheduled deposition of Dr. Drob to decide whether to retain an expert and then for that expert to prepare their report.

Defendant offers no reason of any kind for an extension beyond its own obvious negligence (or desire to further delay resolution of this lawsuit). Defendant's counsel apparently has not even retained an expert yet; it's not clear they've even consulted one. Had they retained an expert, such expert could have explained Dr. Drob's report to them if they really do not understand it, and he could have advised them whether there was a basis to challenge it. Dr. Drob's report is carefully based upon the same substantial materials, documenting Mr. Kendrick's mental history, that Defendant too has had for months due to discovery. Dr. Drob states clear conclusions, based upon sources he carefully cites, that Mr. Kendrick suffered from several serious psychological injuries as a result of his murder conviction and 26 years in prison. His diagnoses are hardly unusual in a case of this nature

Contrary to Defendant's position in this joint letter, Dr. Drob offers no opinion as to liability, which is obviously not his role. Defendant provides no reason that, on the afternoon of its deadline, it should be allowed to upend the discovery schedule it already agreed to and this Court approved. Defendant's application should be denied.

Respectfully submitted,

**KREZ & FLORES, LLP**

Joel Scott Ray, Esq

Cc:      All counsel for record (via ECF)