# KREZ & FLORES, LLP

**COUNSELLORS AT LAW**
**225 BROADWAY, SUITE 2800**
**NEW YORK, NEW YORK   10007-3018**
Phone (212) 266-0400
Fax (212) 724-0011
E-mail: Mail@KrezFlores.com

Gregory Wilson
Karla R. Alston
Larisa Girsh
Jonathan D. Goldsmith †
Mark A. Taustine

Matthew E. Schaefer
Frank A. Melendez
Joel S. Ray

*Of Counsel*
Paul Krez
Edward A. Flores
Susan M. Datlof

Richard Montalvo
Christopher D. Acosta
Fiona McFarland
Francesca Fonzetti
Ahmed Toure
Marlon P. Rufino
Daren P. Atkinson
Kenneth G. Gerard

*Special Counsel*
Karen S. Drotzer
N. Jeffrey Brown

†Admitted in NY & NJ

May 23, 2026

<u>*Via ECF*</u>
Hon. Taryn A. Merkl, U.S.M.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY 11201

Re:   ***Estate of Jaythan Kendrick v New York City Housing Authority***
Docket No.    : 23-cv-358(NGG)(TAM)
K&F File No  : 2021-14332

Dear Hon. Judge Merkl:

We represent Defendant, New York City Housing Authority ("Defendant" or "NYCHA") in this matter.   This letter is to request a short extension of time to provide Defendant's affidavit as to the search that was conducted regarding settlement information.   The reason for the request, is the person who will be executing the affidavit left for a two-week vacation and will not be back in the office until Wednesday, May 27, 2026.   Accordingly, we are seeking a short extension of the May 25, 2026, deadline to Friday, May 29, 2026 to provide the affidavit.

Defendant timely provide its response for settlement information in Defendant's Supplemental Response to Plaintiff's Second Set of Interrogatories and Document Requests dated May 21, 2026.   The response provided settlement payment information made to plaintiffs and their counsel in many of the requested cases in an excel spreadsheet because such information only

Hon. Taryn A. Merkl, U.S.M.J.
May 23, 2026
Page 2 of 3

exists as computer entries.   There were no supporting documents found other than what has been disclosed.

In light of the need to extend Defendant's time, I reached out to Plaintiff's counsel to seek if they would agree to the short extension.   Plaintiff's counsel takes no position on Defendant's request.

However, Plaintiff's counsel, Partha Sharma, Esq., has demanded copies of the computer program results.   After a telephone conference on May 22, I refused to agree to the additional information.   The only information found was the amount of payment. I also pointed out that as for supporting documents, Defendant provided the information in an excel spreadsheet format because there are no other supporting documents. Nonetheless, Plaintiff's counsel would not withdraw his demand.

*Plaintiff's Position*:

As noted by Defendant's counsel, Plaintiff does not oppose a short extension to its deadline to provide an affidavit, from May 25 to May 29. However, Plaintiff requests that Defendant be ordered to provide the electronic data on which it purports to base its current response to Plaintiff's discovery demand, or, if it is impossible to provide this data, provide an explanation for its inability to do so in its forthcoming affidavit.

As this Court likely recalls from the April 21 discovery conference in this action, Plaintiff has for the past six months been seeking discovery concerning payout amounts in civil lawsuits against Defendant and/or its individual police officers for misconduct similar to that suffered by the late Jaythan Kendrick. *See* Dkt. 86-2 (Plaintiff's Second Set of Interrogatories and Document Requests, dated Nov. 26, 2026). Plaintiff has sought this information both through interrogatories and an accompanying document request seeking "[a]ll documents that provide any of the information requested" in the interrogatories. *Id.* at 10. Defendant repeatedly communicated, including in a formal discovery response on January 23 and in a sworn affidavit by its Chief Records Officer dated March 19, that it largely lacked responsive documents and information. Plaintiff sought judicial intervention, resulting in the April 21 conference, where the Court pressed Defendant's counsel, Joel Scott Ray, on this issue, and it became apparent that Defendant had not conducted a thorough search for financial data documenting payouts. The Court ordered Defendant to "conduct a search for documents regarding the list of lawsuits and settlements that is not limited to a search of the litigation files only." Apr. 21, 2026, Minute Entry and Order.

Pursuant to the Court's Order, Defendant disclosed, on May 21, payout amounts for 68 lawsuits, after a half-year of claiming it did not possess this data. Ex. A at NYCHA 0893–98. In a phone call the same day, Mr. Ray explained that Defendant had located a "computer program" containing the data, which it had queried to produce search results. However, in response to Plaintiff's outstanding request for production of all documents providing payout amounts, Defendant has represented it possesses no such documents, except for two lawsuits not among the aforementioned 68. Ex. A at unnumbered page 8. This discovery response is false, since Defendant

Hon. Taryn A. Merkl, U.S.M.J.
May 23, 2026
Page 3 of 3

has confirmed it possesses electronic data containing payout amounts, which is encompassed within Local Civil Rule 26.3(c)(2)'s definition of the term "document." Mr. Ray has told us that the "computer program" does not allow for the printing of the search results that Defendant based its interrogatory response upon. When we suggested that Defendant's personnel could screenshot the search results, Mr. Ray contended that it was not obligated to provide the search results, and that an interrogatory response restating the results was sufficient. But that ignores Plaintiff's separate document request for "[a]ll documents that provide any of the information requested" in accompanying interrogatories, which included payout amounts.

Defendant should be ordered to produce its search results forthwith, or explain why it is impossible to do so. Plaintiff should not have to rely upon Defendant's representations of what the search results contain, i.e. the spreadsheet Defendant has compiled, in lieu of reviewing the search results itself. Mr. Ray represents that Defendant's computer program contains no relevant information other than payee name and amount, but this seems implausible. For instance, Mr. Ray claims that the program does not even list the dates of payments, which would be quite unusual for any accounting system. Settlement dates are relevant to the issue of NYCHA policymakers' notice, at the time of Mr. Kendrick's 1994 arrest, to the need for supervision and discipline. In light of Defendant's past, repeated misrepresentations concerning the very existence of the data at issue here, we seek to inspect the search results encompassed by our discovery demand, to determine if they contain any probative material that is still being withheld.

*Defendant's Position as to Plaintiff's Request for Further Discovery*

I bring to the court attention, that Plaintiff's counsel, Partha Sharma, initially refused to agree to Defendant's short extension unless Defendant agreed to Plaintiff's demands for the additional discovery as detailed above.   Now, Plaintiff takes no position as to Defendant's request for an extension, and separately requests further discovery.   Defendant opposes further discovery seeking documentation as to the settlement information.   Defendant conducted the search as directed by the court and has provided the results thereof as seen in Ex A.  Plaintiff seeks documentation for which no documents exist. As previously presented to the court, all the files except for three, had the documentation disposed of, therefore no documents exist to support the payments information.

Respectfully submitted,

**KREZ & FLORES, LLP**

Joel Scott Ray, Esq

Cc:       All counsel for record (via ECF)