# KREZ & FLORES, LLP

**COUNSELLORS AT LAW**
**225 BROADWAY, SUITE 2800**
**NEW YORK, NEW YORK   10007-3018**
Phone (212) 266-0400
Fax (212) 724-0011
E-mail: Mail@KrezFlores.com

| | |
|---|---|
| Gregory Wilson | Richard Montalvo |
| Karla R. Alston | Christopher D. Acosta |
| Larisa Girsh | Fiona McFarland |
| Jonathan D. Goldsmith † | Francesca Fonzetti |
| Mark A. Taustine | Ahmed Toure |
| | Daren P. Atkinson |
| Matthew E. Schaefer | Kenneth G. Gerard |
| Frank A. Melendez | Jesse M. Freeman |
| Joel S. Ray | |
| | *Special Counsel* |
| *Of Counsel* | Karen S. Drotzer |
| Paul Krez | N. Jeffrey Brown |
| Edward A. Flores | †Admitted in NY & NJ |
| Susan M. Datlof | |

August 3, 2026

***Via ECF***

Hon. Nicholas G. Garaufis, U.S.D.J.
Eastern District of New York
United States Courthouse, Room 1426 S
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:    ***Estate of Jaythan Kendrick v. New York City Housing Authority***
> **Docket No.    : 23-CV-0358 (NGG)(TAM)**
> **K&F No.:      : 2021-14332**

Dear Hon. Judge Garaufis:

We represent Defendant, New York City Housing Authority ("Defendant" or "NYCHA"), in this matter.   Please allow the following to serve as our pre-motion letter seeking a pre-motion conference requesting Your Honor's permission to file a motion for judgment on the pleadings as to the Monell claim and a summary judgment motion to dismiss all claims.

This case involves allegations that Jaythan Kendrick (deceased) was falsely prosecuted and convicted for a crime that occurred on November 20, 1994.   Mr. Kendrick was in prison for over 25 years until his conviction was vacated on November 19, 2020, on a motion made by the Innocence Project that was joined by Queens District Attorney Melinda Katz.   Mr. Kendrick's Estate, plaintiff herein, then brought suit against the City of New York, individual police officers, Queens Assistant district Attorney Lori Ann Fee and NYCHA for various claims.   Since the commencement of the action, the City of New York and the individual defendants have settled with plaintiff and are no longer in the cases, leaving NYCHA as the only defendant in this matter.

Plaintiff's Second Amended Complaint attempts to articulate three separate causes of action: i) Malicious Prosecution; ii) *Monell* liability under 42 U.S.C.§1983 and iii) Negligent Hiring; all of which fail because the evidence available at the time of Mr. Kendrick's prosecution demonstrates, as a matter of law, that probable cause existed in this case.

Hon. Judge Garaufis
August 3, 2026
Page 2 of 2

As an initial matter, Mr. Kendrick's indictment and conviction each establish the existence of a presumption of probable cause, which is not overcome by the mere fact that his conviction was eventually vacated.  Not only a jury, but numerous courts found that either probable cause existed or that Mr. Kendrick's conviction was supported by sufficient evidence, or both.  In the end, the overturning of the conviction was not due to a lack of probable cause at the time of prosecution.  Thus, a plethora of evidence supported probable cause in this case, including but not limited to Mr. Kendrick's own inculpatory statements, testimony and statements of witnesses, a lineup identification, and physical evidence found at the scene and in Mr. Kendrick's apartment, as well as scientific testimony based upon the science available at the time.

For instance, the lineup in this case was adjudged numerous times by numerous courts to be constitutionally sound and/or that it did not justify vacating the conviction.  These determinations along with those mentioned above raise the issue of collateral estoppel.  Based upon the information available at the time, there is no evidence sufficient to disturb the legitimacy of those findings of fact and law.  Regardless, those determinations remain justified upon an examination of the evidence that was available at the time.

Conclusory allegations of evidence being planted or witnesses being coerced without more are not sufficient to survive summary judgment, nor are allegations without evidentiary support of impropriety in conducting the lineup.  Regardless, even without one or more than one of the pieces of evidence about which plaintiff claims impropriety, there existed probable cause based on other evidence.  Further, the discovery of previously unknown evidence, including pivotal DNA evidence that was not available at the time of Mr. Kendrick's prosecution, cannot form the basis of a claim.

Plaintiff's federal claim also fails because he does not sufficiently plead, and the evidence establishes that there was no custom, policy or practice of unconstitutional conduct that led to Mr. Kendrick's prosecution.

Based upon the above, defendants believe plaintiff's claims must fail and therefore request permission to make a motion for judgment on the pleadings as to plaintiff's Monell claim pursuant to Fed. R. Civ. P. 12(c) and for summary judgment as to all of plaintiff's claims, in which the defense can more fully apprise the court of the underlying relevant facts and legal theories.

Thank you for your consideration.

Respectfully submitted,
**KREZ & FLORES, LLP**

Joel Scott Ray, Esq

Cc: All counsel of record (via ECF)